the construction thus given. If this had been intended as an absolute, general insurance for the full term of sixty days, the words " while drying hops," were purposeless, having no signification.

Therefore, as the fire happened after the plaintiff had ceased drying hops, the defendant was not liable, and no error was committed in dismissing the complaint.

*E. Countryman* for appellant.

*C. W. Avery* for respondent.

EARL, J., reads for affirmance.
. All concur.
Judgment affirmed.

---

J. NELSON TAPPAN, as Trustee, etc., Appellant, *v.* THE STATE BANK OF NEW BRUNSWICK, Respondent.

(Argued May 9, 1881 ; decided May 13, 1881.)

*Albert A. Abbott* for appellant.

*John E. Parsons* for respondent.

Agree to affirm without opinion.
All concur.
Judgment affirmed.

---

MARY L. FISHER et al., Respondents, *v.* CHARLES W. HERSEY et al., Appellants.

(Submitted May 3, 1881; decided May 31, 1881.)

THIS was an action for partition of premises, of which plaintiff owned three-eighths and the defendant Hersey owned five-eighths. Under the judgment therein the premises were

sold in August, 1878, to plaintiffs, but the sale was set aside, and they were resold in December, 1879, Hersey being the purchaser. Plaintiffs moved that Hersey be required to pay on his bid sufficient out of his five-eighths of the purchase-money to satisfy an alleged lien thereon for rent of plaintiffs' portion up to the time of the final sale.

The lands had been for some years occupied for the purpose of a tannery and out-buildings by Hersey under a lease from the plaintiffs of their three-eighths, which expired on the 15th of September, 1877, and which Hersey had declined to renew. He, however, continued in possession, and in February, 1878, this action was brought for a partition and sale. The plaintiffs, on the 9th of April, 1878, obtained an order appointing a receiver of the rents and profits of the premises pending the action. By this order the receiver was authorized to lease the premises, giving the defendant Hersey and his partners the preference, and a referee was appointed to ascertain what would be a fair rent in case such rent could not be agreed upon. The order declared that if the rent found by the referee should be satisfactory to the owners, Hersey might take a lease during the pendency of the action from the plaintiffs if they were willing or he might give a bond for the payment thereof to the plaintiffs. That if such condition were not accepted by Hersey, the receiver might lease said premises for such sum, said rent to be secured by said Hersey since the expiration of the old lease, if he should give a bond or take a lease from the receiver. This order was supplemented by a stipulation dated April 9, 1878, which it was agreed should form part of the order. This stipulation provided that the rent from the expiration of the old lease to September 1, 1878, as agreed by the parties or settled by the referee, should be paid by Hersey on that day, and that Hersey should secure the same by his bond. It was further stipulated that the bond should provide for the payment of rent at the same rate during the pendency of the action beyond September 1, 1878. The defendants continued in possession under this order and stipulation; but before any bond had been given for the rent, and before the amount to be paid had been ascertained by

agreement or reference, viz., on May 7, 1878, judgment was entered in the action, and in that judgment was inserted the following clause: " It is further adjudged that the three-eighths of the rents * * * of said premises from and since September 15, 1877, as determined by the agreement of the parties, or · by the referee heretofore appointed in this action * * * be and hereby is declared to be a lien upon the interest of said Charles W. Hersey, and that the sheriff withhold for and pay to .each of the plaintiffs one of such eighths, unless said Hersey shall have paid the same before such sale." After the first sale and about September 1, 1878, Hersey ceased to use the tannery. After judgment was rendered, the referee fixed the amount of rent, the parties not having agreed. Hersey paid the rent as so fixed up to the time of the first sale, but refused to pay thereafter,. and the application was to compel payment up to the second sale.

The court say: " This provision (i. e. the one in the judgment above quoted) rendered the giving of a bond for the rent unnecessary. The rent from September 15, 1877, as fixed by agreement or reference, was absolutely and unconditionally made a lien on Hersey's share of the property. The time during which this rent was to run was not limited to September 1, 1878, or any period short of that, when the interests of the parties were to be changed by a sale. No bond was required to be given or lease executed, or other condition performed for the purpose of making this rent a lien on Hersey's share of the property. · The provision in the judgment was a substitute for the bond. The bond agreed to be given was to have secured the rent up to September 1, 1878, and beyond that date so long as the action should be pending, at the same rate. The judgment was undoubtedly intended to secure the same rent for which the bond had been agreed to be given. It is impossible to see how the defendants can derive any advantage from having omitted to give the bond, or what advantage the plaintiffs would have obtained by requiring it, after the entry of the judgment. We think that both by the stipulation and the judgment the defendants became liable for the rent at the rate fixed by the referee from September 15, 1877, during the pen-

dency of the action, even if it continued after September 1, 1878, and that by this was intended until the sale of the property. If no sale had taken place until December, 1879, the rent fixed by the referee would have continued till that time. The sale in August, 1878, having been set aside, must be regarded as no sale, and did not stop the running of the rent. And the fact that the defendant Hersey, in reliance upon the invalid sale, ceased to make use of the tannery, and provided himself with another, did not relieve him from the payment of the rent or entitle him to surrender the premises."

*George W. Smith* for appellants.

*C. D. Adams* for respondents.

All concur, except FOLGER, Ch. J., absent, and EARL, J., dissenting.
Order affirmed.

---

MARY RYAN, Respondent, *v.* THOMAS F. HAYES et al., Appellants.

(Argued May 9, 1881 ; decided May 31, 1881.)

DECIDED on the·facts.

*I. T. Williams* for appellants.

*John C. Connor, Jr.*, for respondent.

FINCH, J., reads for modification of judgment by adding a direction that the bond in question be canceled, discharged and delivered up to the obligor, and as modified, affirmed.
All concur, except FOLGER, Ch. J., absent.
Ordered accordingly.